UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARA ALEXANDER, *et al.*,  )<br>  )<br>　　　Plaintiffs,　　　　　　　　　　)<br>  )<br>　　v.　　　　　　　　　　　　　　　)　　Civil Action Nos.<br>  )　　96-2123/97-1288 (RCL)<br>FEDERAL BUREAU OF INVESTIGATION,  )<br> *et al.*,　　　　　　　　　　　　　)　　<u>CONSOLIDATED ACTIONS</u><br>  )<br>　　　Defendants.　　　　　　　　　)<br>  ) | |

## MEMORANDUM AND ORDER

On March 31, 2008, this Court denied [1435] defendants' original motion to dismiss and motions for summary judgment because of the length of time they had been pending during discovery proceedings, without prejudice to filing new, updated motions once it was determined whether we are proceeding on the original Complaints herein or a new Amended Complaint.

Plaintiffs never sought to file an Amended Complaint, so the Court will proceed with the original Complaints. Defendants shall respond thereto within 30 days of this date with new, updated motions, incorporating—as necessary—any prior filings.

Plaintiffs Alexander and Duggan have dismissed their claims against defendants Hillary Rodham Clinton [1447], Anthony Marceca [1449], Bernard W. Nussbaum [1451], and David Craig Livingstone [1453].

Plaintiff Bridgman has dismissed her claims against defendants Federal Bureau of Investigation, Executive Office of the President, Hillary Rodham Clinton, Bernard W.

Nussbaum, and Anthony Marceca [1450], as well as David Craig Livingstone [1453].

Defendant Hillary Rodham Clinton filed a motion [1444] for summary judgment on January 30, 2009.

Plaintiff Cate's motions [1454, 1456] to extend the time within which to oppose the summary judgment motion of Hillary Rodham Clinton until March 30, 2009, are granted, *nunc pro tunc*, and the opposition lodged on that date shall be deemed timely filed.

No other plaintiff opposed defendant Clinton's motion.

With all due respect to counsel for plaintiff Cate, the Court cannot agree that plaintiff has demonstrated a basis to require a person who is a busy Cabinet Secretary at this point to submit to an oral deposition. The detailed record citations provided by defendant Clinton's counsel provide proper support for defendant's summary judgment motion. Citation to opposing evidence (that is material) upon which a reasonable juror could base a verdict will defeat a summary judgment motion. Rhetoric will not. This Court held, in denying prior motions to depose defendant Clinton, that "plaintiffs have no *right*, *per se*, to depose a person just because plaintiffs named the person as a party." *Alexander v. F.B.I.*, 541 F. Supp. 2d 273, 274 (D.D.C. 2008). This Court indicated at that time that plaintiffs would have to start with depositions of those individuals directly involved, such as Livingstone and Marceca, and only then could plaintiffs seek to demonstrate a basis for other depositions. This Court accepts that plaintiff Cate disagrees with this Court's view of the law. But unless directed otherwise by a higher court,[1] this

---

[1] Indeed, the Court of Appeals' reversal in *American Association of Physicians and Surgeons, Inc., v. Clinton*, 997 F.2d 898 (D.C. Cir. 1993), is instructive, for I was directed to treat the then–First Lady—a private person—as the "functional equivalent" of a government employee for purposes of the Government in the Sunshine Act, and my decision to open Health Care Task Force meetings that the First Lady attended was reversed.

Court's view controls. While I am somewhat sympathetic to the frustration expressed by plaintiff's counsel, I am duty-bound to follow the law, and I have endeavored to set forth my legal interpretation fully and fairly.

Accordingly, upon consideration of defendant Clinton's motion for summary judgment, the exhibits thereto, the opposition, the reply, and the record herein, it is hereby

ORDERED that defendant Clinton's motion for summary judgment is GRANTED, and this case is DISMISSED as to defendant Hillary Rodham Clinton.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on July 16, 2009.